Jay Bhimani (SBN 267689)
jay.bhimani@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
Allison M. DeJong (SBN 363033)
allison.dejong@dechert.com
DECHERT LLP
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

[*Additional Counsel on Signature Page*]

*Attorneys for Defendant Protective Industrial Products, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MOLDEX-METRIC, INC.,

Plaintiff,

v.

PROTECTIVE INDUSTRIAL PRODUCTS, INC.,

Defendant.

Case No. 2:25-cv-08931 FMO (Ex)

**DEFENDANT PIP'S RESPONSE TO MOLDEX'S OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 13, 2026 DISCOVERY ORDER AND REQUEST TO STRIKE**

Complaint Filed: September 18, 2025
FAC Filed: December 12, 2025
Discovery Cutoff: July 20, 2026
Trial Date: February 9, 2027

## INTRODUCTION

Moldex's Objections should be overruled for three reasons:

**First**, Moldex has not filed a motion for review by the assigned District Judge under Local Rule 72-2.1. Nor could Moldex timely do so now as it has been more than 14 days since the April 13 Order was entered and served. This is dispositive.

**Second**, Moldex argues that, "[d]espite already agreeing to produce documents limited to those relating to its 'Environmental Claims' definition (General Objection No. 3), PIP has now suggested that the Order may allow it to withhold even these documents." (ECF No. 63 at 3.) Moldex offers no declaration (as Local Rule 7-3 requires) attesting to a conference of counsel preceding the filing of its Objections, and it attaches no correspondence in which PIP has ever made the "suggest[ion]" it mentions. Indeed, PIP is not taking, and has never taken, the position on which Moldex premises its Objections.

**Third**, the April 13 Order is not "contrary to law" or "clearly erroneous." It is based on a finding of overbreadth and disproportionality under Federal Rule of Civil Procedure 26. With respect to proportionality in particular, there is ample reason for the Magistrate Judge's ruling. Moldex repeatedly alleges that its actual damages are based on sales that it claims in conclusory fashion were "diverted from Moldex and other competitors" due to PIP's allegedly false marketing. (First Am. Compl. ("FAC") ¶¶ 7, 27, 86, 89–90.) But it has now been five months since PIP served discovery, and Moldex has not produced a single document evidencing a sale that was "diverted" from Moldex to PIP due to any allegedly false marketing. Instead, Moldex has relied primarily on a "disgorgement" damages theory under the Lanham Act. But as PIP explained in the underlying briefing, PIP's gross profits based on the cost of goods sold for the entire BioSoft product line from its inception to the date the initial Complaint was filed are [redacted]. Particularly with these stakes in mind, there is no reason for the parties to conduct sweeping discovery on issues that are—by definition—outside the Environmental Claims[1] alleged in the FAC.

[1] This is not a "conjured" definition as Moldex argues. It expressly includes the allegedly false statements that underlie Moldex's claims in the FAC. (*See* ECF No. 41 at 8, 14–15.)

## ARGUMENT

### I. The Objections Should Be Stricken Because Moldex Has Not Filed A Motion For Review Under Local Rule 72-2.1 And Cannot Do So Now

Local Rule 72-2.1 provides as follows:

> ***L.R. 72-2.1 Motions for Review of Nondispositive Rulings.*** Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.

Moldex has not filed "a motion for review by the assigned District Judge." Instead, on the 14th day after the April 13 Order was entered and served, Moldex filed a document captioned "Objections to Magistrate Judge's April 13, 2026 Discovery Order" with no accompanying motion or hearing date. (*See generally* ECF No. 63.) This does not comply with Local Rule 72-2.1, and the time for Moldex to file a motion for review under that rule has now lapsed. *See, e.g.*, *Kraft Americas, LP v. Oldcastle Precast, Inc.*, No. LA CV12-03681 JAK (Ex), 2013 WL 12125759, at *5 (C.D. Cal. Dec. 18, 2013) (observing that a plaintiff's motion for review was originally stricken "because Plaintiff had not selected a proper hearing date," and that because the motion was re-filed at a point where it "was untimely under Local Rule 72-2.1, it may be denied on this ground").

### II. Moldex's Objections Rely On A False Premise

The crux of Moldex's submission is that, with respect to Request for Production Nos. 1–6 and 11–12, PIP has (1) "now suggested that the Order may allow it to withhold" documents responsive to those Requests that it had committed to producing; and (2) "suggested that it is interpreting the Order to limit its production of alleged bio-based formulation and bio-based content testing of the BioSoft product at the center of this lawsuit, even subject to its General Objection No. 3 limitation." (ECF No. 63 at 3, 4.)

Moldex submits no Local Rule 7-3 declaration attesting to when these "suggest[ions]" were made.[2] Nor does it provide any correspondence in which PIP took these positions.

Indeed, PIP has never taken—and is not now taking—the stances on which Moldex premises its Objections. To the contrary, well before Moldex filed its Objections, PIP's counsel confirmed—in writing—that "we would review PIP's documents for responsiveness to Moldex's document requests in accordance with PIP's offers of production and the Court's order." (Ex. 1, Email from J. Bhimani to K. Allred at 2.) As the same correspondence continued, "[i]f PIP objected to producing a document, for example, that objection remains unless the Court overruled it or the parties have already reached an agreement/resolution on the issue in the meet and confer correspondence." (*Id.*)

In other words, to the extent PIP committed to producing responsive documents in its responses to Moldex's Requests for Production Nos. 1–6 and 11–12, those responses stand as written. But "***[i]f PIP objected to producing a document***," or limited its response in some fashion, and those objections or limitations were sustained by the Court, PIP will act in compliance with the Order. (*Id.* (emphasis added).)

As applied to each of the Requests at issue here, and just as PIP explained to Moldex prior to the filing of Moldex's motion to compel, "PIP commit[s] to producing relevant, non-privileged documents responsive to these Requests and relating to the Environmental Claims that are located after a reasonable search in accordance with agreed-upon custodian and search parameters." (Ex. 2, 2/6/26 M&C Ltr. at 3.) This obviates the need for the relief that Moldex now purports to seek, *i.e.* that "the Court make clear that the Order is limited to sustaining PIP's General Objection No. 3 limitation as to RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12." (*See* ECF No. 63 at 2.)

---

[2] The absence of such a declaration is itself a reason to overrule Moldex's Objections. *See In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices and Prods. Liab. Litig.*, No. 2:10-cv-00946-CJC(RNBx), 2011 WL 13130898 at *2 (C.D. Cal. Dec. 2, 2011) (holding that "Local Rule 7-3 applies to all motions," including those brought under Local Rule 72-2.1, and finding that the "failure to abide by the procedural requirements under either Local Rule 72-2.1 or 7-3 is, alone, sufficient basis to deny its motion.")

## III. The April 13 Order Is Not "Clearly Erroneous" Or "Contrary To Law"

A Magistrate Judge's decisions are "entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). They are "not subject to de novo determination ... [and t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir.1991) (citations omitted). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Philips N. Am. LLC et al. v. KPI Healthcare, Inc. et al.*, No. SACV191765JVSJDEX, 2021 WL 6103526, at *3 (C.D. Cal. Sept. 1, 2021) (quoting *Forohaur v. Asa*, No. C 10-3623 SBA, 2011 4080862, at *1 (N.D. Cal. Sept. 13, 2011)). "The district court must affirm the magistrate judge's order unless the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *In re First Am. Corp. ERISA Litig.*, 263 F.R.D. 549, 561 (C.D. Cal. 2009) (citing *Burdick v. Coom'r*, 979 F.2d 1369, 1370 (9th Cir. 1992)).

Nothing in the Order is contrary to law. Moldex argues that "Rule 26(b)(1) does not permit a court to deny discovery by affixing a generic label," and contends that "the Order's denials provide no Rule 26 analysis." (ECF No. 63 at 3.) But that is not true. The Order expressly cites Federal Rule of Civil Procedure 26(b)(1) and articulates the reason for its ultimate conclusion as to the Requests at issue. Specifically, it provides that:

> 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .' (citing Fed. R. Civ. P. 26(b)(1)). ***Thus, the pleaded claims and defenses generally circumscribe the proper scope of discovery***.

(ECF No. 57 at 1 (emphasis added).) This finding is not contrary to law. To the contrary, the Ninth Circuit has held that "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Qaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000); (*see also* ECF No. 41 at 14–15 (collecting cases holding same)).

Nor are the Order's findings as to overbreadth and proportionality clearly erroneous. In the underlying briefing, PIP not only made the legal point that Moldex's pleaded claims should circumscribe the scope of discovery, but also explained that Moldex's requests were overbroad and disproportionate. PIP explained that Moldex's claim for injunctive relief will soon be moot, and that Moldex had not yet substantiated its conclusory allegations of diverted sales or lost profits. (ECF No. 51 at 4–5.) With respect to Moldex's disgorgement claim, PIP noted that its total gross profits based on the cost of goods sold from the inception of the BioSoft product line to the day the Complaint was filed are [redacted]—even before applying any deduction based on a lack of connection to the marketing at issue or to sales allegedly "diverted" from Moldex. (*Id.* at 5.) A finding of disproportionality and overbreadth on this record is not clear error. (*Id.* (citing *Park v. Jaguar Land Rover N. Am., LLC*, No. 20CV242-BAS (MSB), 2020 WL 4784740, at *7 (S.D. Cal. Aug. 18, 2020) (denying motion to compel when the requests were not "proportional to the needs of the case considering the damages" available to plaintiff).)

## IV. CONCLUSION

For the foregoing reasons, the Court should either strike Moldex's Objections or overrule them for the reasons described here and in the submissions to the Magistrate Judge.

Dated: April 30, 2026

Respectfully submitted,
DECHERT LLP

By: */s/ Jay Bhimani*

Jay Bhimani (SBN 267689)
jay.bhimani@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
Allison M. DeJong (SBN 363033)
allison.dejong@dechert.com
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Craig Castiglia (*pro hac vice*)
craig.castiglia@dechert.com
2929 Arch Street
Philadelphia, PA 19104-2802
Telephone: (215) 994-4000

*Attorneys for Defendant Protective Industrial Products, Inc.*