QUINN EMANUEL URQUHART & SULLIVAN, LLP
Joseph M. Paunovich (Bar No. 228222)
joepaunovich@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

Kade A. Allred (*pro hac vice*)
kadeallred@quinnemanuel.com
2755 E. Cottonwood Pkwy., Suite 520
Salt Lake City, UT 84121
Telephone: (801) 515-7300
Fax: (801) 515-7400

*Attorneys for Plaintiff Moldex-Metric. Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INDUSTRIAL PRODUCTS, INC., a New York corporation,<br><br>Defendant. | Case No. 2:25-cv-08931-FMO-E<br><br>**MOLDEX'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 13, 2026 DISCOVERY ORDER**<br><br>The Hon. Fernando M. Olguin<br><br>Discovery: July 20, 2026<br>Trial Date: February 9, 2027<br><br>REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL |

**I. Moldex Filed Timely Objections to the Magistrate Judge's Order and Requests That The Court Consider Moldex's Objections on the Merits**

Moldex filed timely Objections to the Magistrate Judge's Order (Dkt. 63). Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days."). Rule 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." PIP argues that Moldex's Objections should have been styled as a "Motion for Review" under Local Rule 72-2.1 and should have been noticed for a hearing under Section IV.A.1 of the Standing Order.

To the extent Moldex's Objections fell short of these form requirements, it was inadvertent, not willful, and non-prejudicial to PIP. Lead counsel communicated by video conference and email in the days preceding the filing of the Objections regarding the underlying discovery dispute. Moldex's Objections satisfy every substantive requirement of the applicable rules: Moldex's filing was within fourteen days, designates the portions of the Order objected to, states the grounds, and is supported by a memorandum of points and authorities. Notwithstanding the fact that Rule 72(a) does not allow any response to objections, PIP thereafter filed a seven-page "response" to Moldex's Objections. PIP suffered no prejudice, and it has not claimed (and cannot credibly claim) otherwise.

The sole case PIP cites for its request to strike Moldex's Objections ruled on the merits. *See Kraft Americas LP v. Oldcastle Precast, Inc.*, 2013 WL 12125759, at *6 (C.D. Cal. Dec. 18, 2013) (ruling on merits of Rule 72 motion despite untimely conference because "no prejudice to Defendant has been shown"). Courts regularly exercise discretion to consider Objections on the merits even in instances of potential procedural noncompliance. *See, e.g.*, Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. … The district judge in the case *must consider* timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." (emphasis added));

*Artist Revenue Advocs., LLC v. West*, 2025 WL 2630214, at *2 (C.D. Cal. 2025) (reaching merits of Rule 72 motion despite L.R. 7-3 noncompliance because court "prefers to decide issues on the merits"); *see also* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."); *Curry v. Baca*, 2007 WL 9706924, at *1 (C.D. Cal. Nov. 29, 2007) ("the instant Motion is made in connection with Plaintiff's original motion to compel discovery, it arguably falls within this category of motions, and is therefore not subject to the mandates of Local Rule 7-3"); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, 2019 WL 1976454, at *3 (C.D. Cal. Mar. 28, 2019) (reaching merits because filing was "arguably a motion in connection with a discovery motion" and therefore arguably exempt from L.R. 7-3).[1]

The irony here is also difficult to miss: PIP's "response" asks the Court to disregard Moldex's Objections on form where Rule 72(a) provides no authorization for PIP's response. To the extent PIP's response is allowed under Local Rule 7-9, Moldex submits the further reply below pursuant to Local Rule 7-10.

**II. The Order is Contrary to Law and Should be Vacated**

The Order's denials rest almost entirely[2] on a single boilerplate phrase—"unreasonably overbroad and not proportional to the needs of the case"—recited verbatim and applied indiscriminately to requests of plainly different scope and subject matter throughout the ruling. Dkt. 57 at 3-5. The Order facially does not engage with the language of any denied request, does not address the legal dispute central to what Moldex's motion to compel actually presented (*e.g.*, PIP's General Objection No. 3), and does not undertake the multi-factor proportionality analysis

[1] If the Court is inclined to deny Moldex's Objections on the basis of its title and lack of hearing date, Moldex alternatively requests that the Court grant leave for Moldex to notice a hearing date in connection with this briefing and/or to refile its Objections as a noticed motion for review and hearing.

[2] Request for Production No. 16 was "denied (as vague, ambiguous, and potentially overbroad and not proportional to the needs of the case)."

Rule 26(b)(1) requires. PIP's own cited authority defines this defect as contrary to law: "[a] decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Dkt. 64 (Response) at 4 (citing *Philips N. Am. LLC v. KPI Healthcare, Inc.*, 2021 WL 6103526, at *3 (C.D. Cal. Sept. 1, 2021); *accord* Dkt. 63 (Objections) at 2, 4 (citing *Villasanti v. Cnty. of Riverside*, 2024 WL 5504905, at *2 (C.D. Cal. Dec. 26, 2024); *Sedlacek v. Morgan Whitney Trading Grp.*, 795 F. Supp. 329, 332 (C.D. Cal. 1992); *United States v. Mitchell*, 128 F. Supp. 3d 1266, 1271 (E.D. Cal. 2015); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 204 (N.D. Cal. 1983)). Rule 72(a) requires the District Court to "modify or set aside" an order that meets that description, and the Order at issue here does.

PIP's response does not engage with this defect. It does not address, or even mention, the authorities Moldex cited for vacatur (*Sedlacek*, *Adolph Coors*, *Villasanti* or *Mitchell*) on the ground at issue here: an order's failure to articulate what was considered or why. Instead, PIP relies on cases applying a highly deferential standard to factual findings, not the *de novo* standard that governs legal conclusions and the application of a legal standard to a particular set of facts. Dkt. 64 at 4. But those formulations address the clearly-erroneous prong applicable to a magistrate's *factual* findings, not the *de novo* standard applicable to both a magistrate's legal conclusions and application of a legal standard to a particular set of facts. *See Villasanti*, 2024 WL 5504905, at *2 ("The application of a legal standard to a particular set of facts is a 'mixed question of law and fact,' and thus, it is subject to *de novo* review (citing *United States v. Yijun Zhou*, 838 F.3d 1007, 1012 (9th Cir. 2016)). Given that the Order involves legal conclusions or at minimum the application of a legal standard to a particular set of facts, the Court reviews it *de novo*.

PIP next argues that the Order is not contrary to law because it "expressly cites Federal Rule of Civil Procedure 26(b)(1)" and quotes the Rule's text. Dkt. 64 at 4. But *quoting* Rule 26(b)(1) is not *applying* it. The Order's only Rule 26(b)(1) statements appear in its general preamble; they are not findings as to any of the denied

requests. The Order does not address, for any request, the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery, or the burden-vs-benefit balance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000), which PIP cites, holds only that a complaint "guides the parties' discovery"; it does not authorize denial of a request without applying the Rule 26(b)(1) factors.

PIP's reliance on *Park v. Jaguar Land Rover North America*, LLC, 2020 WL 4784740 (S.D. Cal. Aug. 18, 2020), only underscores why vacatur is warranted: the magistrate in *Park* performed the analysis this Order never did. In a 16-page opinion, among other analysis applying the Rule 26(b)(1) factors, the *Park* magistrate judge quantified the plaintiff's damages exposure, weighed it against the burden of production, and explained the result. *See e.g.*, *id.* at *1, 6-8. The Order here makes no such findings.

Unable to defend the Order on its terms, PIP urges this Court to assume the Order silently adopted PIP's mootness, lost-profits, and disgorgement-cap arguments from the underlying briefing. Dkt. 64 at 5 (citing Dkt. 51 at 4-5). But Rule 72(a) requires the District Court to review the Order, not a party's brief. An order that requires this Court (or the opposing party) to supply its (missing) reasoning is, by definition, one that "fails to consider an element of the applicable standard." *Philips N. Am.*, 2021 WL 6103526, at *3 (citation omitted).

Tellingly, PIP does not even attempt to defend the Order's silence on the central legal dispute presented in the underlying motion (*e.g.*, General Objection No. 3), or to explain how a single, identical sentence ("unreasonably overbroad and not proportional to the needs of the case") can do the analytical work required for individual requests as disparate as bio-based content testing reports for the BioSoft Earplugs PIP falsely advertised as 82% bio-based, documents regarding the samples PIP submitted to the testing laboratory, acquisition and due-diligence files concerning the product line, and the additional categories of materials the Order denies in

identical terms. Identical reasoning recited verbatim across plainly different requests is the textbook "fail[ure] to consider an element" that Rule 72(a) exists to correct, and it pervades the Order rather than being confined to any single denial. *Philips N. Am.*, 2021 WL 6103526, at *3 (citation omitted).

**III. PIP's Response Is Contradicted by Its Own Recent Production**

PIP also argues that the denied discovery is disproportionate because (1) Moldex cannot substantiate diverted sales, and (2) PIP's total gross profit is supposedly [redacted]. Dkt. 64 at 5 (citing Dkt. 51 at 4-5). Neither is true.

In the last week, PIP began producing [redacted] *See* Ex. 1. [redacted]. *See* Dkt. 33 at 7, 12; Ex. 2 at 1, 6, 8.

Contrary to PIP's unsubstantiated representation about its total gross profit, PIP's latest financial production to date shows approximately [redacted] from the falsely advertised BioSoft product line and [redacted]. Ex. 3. And PIP [redacted] Dkt. 51 at 5. [redacted]. Indeed, PIP produced [redacted]

[redacted] *See* Ex. 4. [redacted] Dkt. 44 at 10.

That these documents emerged from PIP's essentially first meaningful production only underscores the need for the Rule 26(b)(1) analysis that the Order never conducted. PIP's proportionality arguments rested on factual premises its own files have now shown to be false.

* * *

For the foregoing reasons, the Court should sustain Moldex's Objections, vacate the Order, and remand to the Magistrate Judge for the Rule 26(b)(1) analysis the law requires.

Dated: May 12, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Joseph M. Paunovich*

Joseph M. Paunovich (Bar No. 228222)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100
joepaunovich@quinnemanuel.com

Kade A. Allred (*pro hac vice*)
kadeallred@quinnemanuel.com
2755 E. Cottonwood Pkwy., Suite 520
Salt Lake City, UT 84121
Telephone: (801) 515-7300
Fax: (801) 515-7400

*Attorneys for Plaintiff Moldex-Metric, Inc.*