Jay Bhimani (SBN 267689)
jay.bhimani@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
Allison M. DeJong (SBN 363033)
allison.dejong@dechert.com
DECHERT LLP
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

[*Additional Counsel on Signature Page*]

*Attorneys for Defendant*
*Protective Industrial Products, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MOLDEX-METRIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROTECTIVE INDUSTRIAL PRODUCTS, INC., <br><br> Defendant. | Case No. 2:25-cv-08931 FMO (Ex) <br><br> District Judge Hon. Fernando M. Olguin <br> Magistrate Judge Hon. Charles F. Eick <br><br> **DEFENDANT PROTECTIVE INDUSTRIAL PRODUCTS, INC.'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT** <br><br> Complaint Filed: September 18, 2025 <br> FAC Filed: December 12, 2025 <br> Fact Discovery Cutoff: July 20, 2026 <br> Trial Date: February 9, 2027 |

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

**<u>TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:</u>**

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Defendant Protective Industrial Products, Inc. ("PIP"), through its attorneys of record, applies *ex parte* for a 30-day stay of this action or, in the alternative, an emergency status conference to address a highly material development that arose at the July 14, 2026 deposition of Dr. John Nanos. This application is supported by the following Memorandum of Points and Authorities and the Declaration of Jay Bhimani (the "Bhimani Decl.").

Counsel further respectfully requests that the hearing on this application be conducted remotely. With the close of fact discovery on July 20, 2026, counsel are presently scheduled to travel for depositions on July 16 and July 20, 2026.

As further detailed in the Memorandum of Points and Authorities, good cause exists for this application. Just yesterday, at the July 14, 2026 deposition of Dr. John Nanos—the exclusive non-party supplier to PIP of the bio-based foam component at the center of this case—stark discrepancies emerged between certain test reports Dr. Nanos produced in this litigation and reports that Moldex received yesterday directly from the testing laboratory, Beta Analytic. Fact discovery closes on July 20, 2026. PIP requires a brief stay to further address the issues that arose during Dr. Nanos's deposition as further specified in the accompanying Memorandum of Points and Authorities. This emergency is not the result of any lack of diligence on PIP's behalf, as set forth in the accompanying Memorandum.

On July 14, 2026, counsel for PIP notified counsel for Moldex of its intent to file this application. Bhimani Decl. ¶ 2. Counsel for Moldex responded that Moldex opposed the relief requested herein and that Moldex did not waive its right to file a written opposition to this application. Bhimani Decl. ¶ 2. Counsel for Moldex will receive notice of this application through the Court's CM/ECF system and via email, at which time counsel for PIP will again advise that any opposition to this application must be filed within 24 hours.

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

Moldex is represented by the following attorneys in the above-captioned matter:

Joseph M. Paunovich (SBN 228222)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100
qemoldexvpip@quinnemanuel.com

Frank C. Calvosa (pro hac vice)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 848-7000
Fax: (212) 849-7100
frankcalvosa@quinnemanuel.com

Kade A. Allred (pro hac vice)
2755 E. Cottonwood Pkwy., Suite 520
Salt Lake City, UT 84121
Telephone: (801) 515-7300
Fax: (801) 515-7400
qemoldexvpip@quinnemanuel.com

Dated: July 15, 2026                    DECHERT LLP


                                         By:    */s/ Jay Bhimani*
                                         Jay Bhimani (SBN 267689)

                                         *Attorney for Protective Industrial Products, Inc.*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

Defendant Protective Industrial Products, Inc. ("PIP") applies *ex parte* for a 30-day stay of this action or, in the alternative, an emergency status conference to address a highly material development that arose at the July 14, 2026 deposition of Dr. John Nanos. PIP recognizes and acknowledges that both *ex parte* relief and any alteration of the case schedule are reserved for exceptional circumstances. But the circumstances that have arisen in this case in the past 24 hours are, by any measure, exceptional.

Dr. Nanos and his company are the exclusive non-party supplier to PIP of the bio-based foam component at the center of this case. At his deposition, stark discrepancies emerged between 2026 test reports that Dr. Nanos produced in response to subpoenas in this action and documents that Moldex received directly from the testing laboratory, Beta Analytic, yesterday. The reports Dr. Nanos produced (which he purported were from Beta, and bore Beta logos) ██████████████████████████████████████████. Conversely, the reports Beta produced to Moldex bear certificate numbers nearly identical to those in Dr. Nanos's versions and the same laboratory numbers, ████████████ ████████████████████████████. Apparently, the validation code on the copies of the reports produced by Dr. Nanos also did not direct to a legitimate Beta validation site. Although the situation just arose, it appears—at the time of this submission—that Dr. Nanos may have doctored the copies of the reports that he produced to the parties in this action.

Dr. Nanos's deposition in this case did not conclude. PIP did not have an opportunity to ask Dr. Nanos any questions at his deposition about these or other matters. At this stage, PIP does not have complete information from Dr. Nanos as to the 2026 test reports that Dr. Nanos apparently altered, or whether Dr. Nanos similarly doctored or altered other documents that he presented as genuine to PIP during his time as a supplier to PIP (or to Final Fit Safety, which later PIP acquired). What is clear is that PIP cannot reasonably assess the significance of these materials without further investigation and that a short pause is warranted before the record is developed further. Indeed, to the extent PIP itself was

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

subjected to fraud or deceit, that would significantly impact the litigation of this dispute, including any cross-claims that may be directed to the responsible parties.

The timing makes the situation urgent. Fact discovery closes on July 20, 2026. Even before July 14, the parties were already navigating a compressed final week: five depositions in four business days. In addition, Moldex has made two requests for additional discovery directed to these issues. First, it noticed the deposition of Beta Analytic for July 20, 2026, the day of the fact discovery cut off—when two other depositions are already scheduled—on less than one week's notice. Second, immediately after Dr. Nanos's deposition, Moldex demanded a company-wide search of every PIP employee's communications with Dr. Nanos about the 2026 testing. Both requests for discovery should be undertaken thoughtfully and with a full opportunity to meet and confer. Moreover, PIP may have additional discovery to pursue given these circumstances, including non-party discovery from Dr. Nanos on the scope of the conduct at issue. And more generally, aside from any singular discovery issue in isolation, if fact discovery closes on July 20, PIP will not have an opportunity to explore in an adequate manner the issues relating to Dr. Nanos that arose during yesterday's deposition. A limited stay would allow an orderly inquiry. Failing that, and as an alternative, an emergency status conference would permit the Court to chart a sensible course.

Counsel for PIP conferred with counsel for Moldex on July 15, 2026, and notified Moldex of PIP's intent to seek *ex parte* relief. Bhimani Decl. ¶ 2. Moldex's counsel stated that Moldex would oppose both a request for a stay and a request for an emergency status conference and does not waive its right to file a written opposition to this application. Bhimani Decl. ¶ 2.

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

## LEGAL STANDARD

*Ex parte* applications are "a means of obtaining extraordinary relief" and are "appropriate only in rare circumstances." Initial Standing Order, §V (*citing Chapman v. Horace Mann Prop. & Cas. Ins. Co.*, 2025 WL 1421293, at *1 (C.D. Cal. 2025).) As such, an *ex parte* application must be filed and served as soon as extraordinary relief is required and in accordance with Local Rule 7-19 and 7-19.1. *Id.* To prevail on its *ex parte* application, a party must show: (1) that they "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) that they are "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## BACKGROUND

### I. The 2026 Test Reports Produced By Dr. Nanos

About one month ago, Dr. Nanos produced two test reports on Beta Analytic letterhead, both dated March 5, 2026, each reflecting ███████████████████ ██████████    ██████████    ██████    ██████    ██████    ████████████    ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████. (Ex. 1, NANOS003859-3863; Ex. 2, NANOS003854-3858.)

### II. Dr. Nanos's Deposition Testimony

At his deposition on July 14, 2026, █████████████████████████████ (*See generally* Ex. 3, Nanos Tr. 153:8-159:25.) ██████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████

5

### III.    The Discrepancies That Emerged

Later in the deposition, Moldex's counsel ███████████████████ ████████████████████████████████ a feature that appears on certain Beta Analytic result forms and links to the laboratory's webpage. Unlike other Beta test results produced in this litigation, █████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████.

Moldex's counsel then produced documents that they confirmed they received from Beta Analytic just hours earlier. Those documents bear certificate numbers nearly identical to the numbers on Dr. Nanos's versions and identical laboratory numbers—but list different report dates and dramatically lower bio-based carbon content: ████████████ ████████████████████████████████████ ██  ██   ██   ██   ███   ███   ████   ██ ████████████████████████████ (Ex.   4, LR032510 Biobased Report Nanos – 806823; Ex. 5, LR032508 Biobased Report Nanos – 806824.) Moldex's counsel further shared correspondence in which Beta Analytic, ████ ████████████████████████████ ████████████████████████████ ██████████████████ (Ex. 6, July 14, 2026 Email from F. Goren to J. Paunovich.)

The deposition did not conclude in the ordinary course. When it resumed, Moldex's counsel began questioning Dr. Nanos regarding the source of the discrepancies. ████ ████████████████████████████ ████████████████████ Moldex's counsel declined to go off the record and PIP's counsel reserved the right to ask questions at a later date. (*See generally* Ex. 3, Nanos Tr. 202:11-206:6.) PIP does not, in this Application, take any position on the propriety of those events or on the reasons for the discrepancies.

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE
ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

## ARGUMENT

### I. PIP Would Be Substantially Prejudiced Absent The Requested Relief

The harm to PIP from proceeding on the current schedule satisfies the requirements for *ex parte* relief. For example, the discrepancies bear directly on claims that PIP may assert against Dr. Nanos and the Nanos Entities under an Exclusive License and Supply Agreement, as well as under non-contractual claims. (Ex. 7, PIPBioSoft_011197.) That Agreement contains ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Agreement also contains ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Those provisions are important. If test reports that Dr. Nanos presented to PIP were not what they appeared to be, that would bear directly on PIP's defenses in this action, the scope of the claims and defenses at issue, and non-party discovery. But PIP has not had the opportunity to assess those implications, in discovery for the reasons discussed above.

### II. PIP's Need For Relief Is Not Due To A Lack Of Reasonable Diligence

The need for *ex parte* relief has not arisen due to a lack of diligence. Approximately five months ago, PIP served a subpoena on Beta Analytic seeking documents relating to testing of BioSoft earplugs. (Ex. 8, February 12, 2026 Notice of Intent to Serve Subpoena.) And two months ago, Moldex served a subpoena on Beta Analytic seeking all testing performed on BioSoft products, "including all components and raw materials thereof, BioNanoFoam, or any foam, material, or product sample submitted by or on behalf of PIP, Final Fit, or NanoSystems." (Ex. 9, May 26, 2026 Notice of Intent to Serve Subpoena.) Beta Analytic produced documents in response to both of those subpoenas prior to the deposition

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT

of Dr. Nanos and those productions did not include the discrepant test results at issue now. Those documents were not produced until yesterday. And as described further above in the Background portion of this submission, the circumstances that led to this Application occurred yesterday too.

## CONCLUSION

For the foregoing reasons, PIP respectfully requests that the Court grant this *ex parte* Application and stay this action for 30 days. In the alternative, PIP requests an emergency status conference to address the foregoing issues and their import on the schedule.

Dated: July 15, 2026

Respectfully submitted,

DECHERT LLP
By:   */s/ Jay Bhimani*
Jay Bhimani (SBN 267689)
jay.bhimani@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
Allison M. DeJong (SBN 363033)
allison.dejong@dechert.com
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Craig Castiglia (*pro hac vice*)
craig.castiglia@dechert.com
2929 Arch Street
Philadelphia, PA 19104-2802
Telephone: (215) 994-4000

*Attorneys for Protective Industrial Products, Inc.*

8

PIP'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF THIS ACTION OR, IN THE ALTERNATIVE, AN EMERGENCY STATUS CONFERENCE WITH THE COURT