QUINN EMANUEL URQUHART & SULLIVAN, LLP
Joseph M. Paunovich (Bar No. 228222)
joepaunovich@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Frank C. Calvosa (*pro hac vice*)
frankcalvosa@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 848-7000

Kade A. Allred (*pro hac vice*)
kadeallred@quinnemanuel.com
2755 E. Cottonwood Pkwy., Suite 520
Salt Lake City, UT 84121
Telephone: (801) 515-7300

*Attorneys for Plaintiff Moldex-Metric. Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INDUSTRIAL PRODUCTS, INC., a New York corporation,<br><br>Defendant. | Case No. 2:25-cv-08931-FMO-E<br><br>**MOLDEX'S STATEMENT OF NON-SUPPORT OF SEALING**<br><br>The Hon. Fernando M. Olguin<br><br>Discovery: October 20, 2026<br>Trial Date: May 11, 2027 |

Plaintiff Moldex-Metric, Inc. ("Moldex") submits this response statement of non-support to PIP's Declaration of Allison K. Ozurovich (Dkt. 175) to advise the Court that Moldex opposes the sealing of at least those portions of Exhibits 1, 4, and 6 cited in connection with Moldex's Reply in Support of its Motion for Sanctions, and of the corresponding portions of Moldex's Reply. Moldex's position is that PIP has not made the required showing for any document or passage it seeks to seal, including the portions addressed in this statement.

Moldex lodged these materials provisionally under seal only because PIP had designated them as confidential or highly confidential under the Stipulated Protective Order, and Local Rule 79-5.2.2(b) therefore required Moldex to file them under seal. As the designating party, PIP bears the burden of establishing that the designated materials are sealable. PIP has not carried, and cannot carry, that burden.

For purposes of this statement, Moldex addresses the designated material cited in the Reply. At minimum, those materials are not confidential business information. They are testimony and information concerning a coordinated, years-long scheme to falsify bio-based testing reports to support PIP's false 82% bio-based claim and obtain USDA BioPreferred certification under false pretenses—the misconduct at the center of Moldex's Motion for Sanctions.

Testimony and documents establishing that testing reports were doctored do not contain confidential business information in which PIP holds any legitimate commercial interest. Exposure of misconduct is not a basis for secrecy. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Here, PIP designated the sworn testimony of Beta Analytic's Ronald Hatfield (Ex. 1), the independent laboratory whose reports are at the center of the dispute, and John Nanos (Ex. 6), the foam supplier who fabricated those reports. PIP has no cognizable interest in sealing an independent laboratory's

account of the fraudulent reports PIP and Nanos produced in this litigation. At least the designated material below should be filed in the public record.

| Exhibit | Designated Lines | Testimony Sealed |
|---|---|---|
| Ex. 1 (Hatfield Tr.) | All designated portions | Beta Analytic's testimony about the lack of authenticity of PIP's and Nanos's produced test reports and actual biobased testing results |
| Ex. 4 (Wagner Tr.) | 17:20-20:19 | PIP's testimony about 2026 biobased testing of production-line BioSoft samples |
| Ex. 4 (Wagner Tr.) | 128:11-129:24 | PIP's testimony about foam composition used in 2021 biobased testing |
| Ex. 4 (Wagner Tr.) | 181:5-182:15 | PIP's testimony about commissioning of 2026 biobased testing on commercial BioSoft products |
| Ex. 4 (Wagner Tr.) | 287:5-288:1 | PIP's testimony about test samples submitted in July 2024 |
| Ex. 6 (Nanos Tr.) | 105:9-106:8; 157:8-10 | Nanos's testimony about PIP's knowledge of 2026 biobased testing |
| Ex. 6 (Nanos Tr.) | 123:2-9 | Nanos's testimony about sharing 2026 biobased testing results with PIP |

There is a strong presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana*, 447 F.3d at 1178. A party seeking to seal a judicial record bears the burden of overcoming that presumption by meeting the compelling-reasons standard—articulating specific factual findings that outweigh the general history of access and the public policies favoring disclosure, including the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79. That standard applies with full force to materials attached to a motion for sanctions directed to the integrity of the Court's own proceedings. *See id.* at 1179. The mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation is not a basis upon which to seal court records. *Id.*

PIP does not even attempt the required compelling reasons showing in its declaration. It asserts in a single conclusory sentence that the materials "reference and

quote from PIP's confidential customer, marketing, product, and business information and data" (Ozurovich Decl. ¶ 3), then lists hundreds of line-ranges across eight transcripts and two documents without any explanation of what any passage contains or what competitive harm its disclosure would cause. Simply mentioning general categories, without further elaboration or any specific linkage with the documents or testimony, does not satisfy the burden. *Kamakana*, 447 F.3d at 1183-84.

Sealing the material PIP seeks to designate en masse would invert the purpose of the sealing power. Rather than protecting business information from competitive misuse, it would conceal from the public evidence of fraud on the Court, making the Court's files a vehicle for an improper purpose. *See Nixon*, 435 U.S. at 598. PIP does not attempt to explain how Hatfield's third-party account of fabrication, or Nanos's description of the alterations he made, could harm PIP's competitive standing in any cognizable commercial sense. The material contains no cognizable confidential business information. The public interest in its disclosure is substantial.

PIP has not carried its burden as to any designated material. Moldex submits that PIP's sealing designations should be rejected.

Dated: August 25, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Joseph M. Paunovich*
Joseph M. Paunovich (Bar No. 228222)
joepaunovich@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Frank C. Calvosa (*pro hac vice*)
frankcalvosa@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 848-7000

Kade A. Allred (*pro hac vice*)
kadeallred@quinnemanuel.com
2755 E. Cottonwood Pkwy., Suite 520
Salt Lake City, UT 84121
Telephone: (801) 515-7300

*Attorneys for Plaintiff Moldex-Metric, Inc.*