FILED
CLERK, U.S. DISTRICT COURT
11/12/26
CENTRAL DISTRICT OF CALIFORNIA
BY: V. Figueroa DEPUTY

Hon. Suzanne Segal (Ret.)
Signature Resolution, LLC
Signature Resolution - Downtown LA
633 West 5th Street, Suite 1000
Los Angeles, CA 90071
judgesegal@signatureresolution.com

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA**

**MOLDEX-METRIC, INC. a California Corporation,**

Plaintiff,

**v.**

**PROTECTIVE INDUSTRIAL PRODUCTS, INC. a New York Corporation,**

Defendant.

Case No.: 2:25-cv-08931-FMO-E

**SPECIAL MASTER'S REPORT AND RECOMMENDATION RE PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 13, 2026 DISCOVERY ORDER**

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, pursuant to Federal Rule of Civil Procedure 53. Pursuant to the Court's Order appointing the Special Master, a motion for review or objections to the Report and Recommendation are due no later than 14 days from the date of the Report. Sept. 17, 2026 Order, Dkt. 184, at 2.

Before the Special Master are Plaintiff Moldex-Metric, Inc.'s ("Moldex" or "Plaintiff") objections ("Objections," Dkt. 63) to the Magistrate Judge's April 13, 2026 discovery order ("Discovery Order," Dkt. 57), brought pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.[1] Defendant Protective Industrial Products, Inc.

[1] All further "Rule" references are to the Federal Rules of Civil Procedure.

("PIP" or "Defendant") filed a response to the Objections ("Response," Dkt. 64), and Plaintiff a reply in support of the Objections ("Reply," Dkt. 71). The Special Master has considered the briefs and exhibits submitted and determined the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15.

The present dispute—to the extent there is one—largely concerns the meaning of certain rulings in the Discovery Order. Moldex seeks clarification from the Court that the Discovery Order merely sustained a limited objection by PIP to certain requests for production ("RFPs") and did not relieve PIP of its obligation to otherwise produce responsive documents. Dkt. 63 at 2, 8. The Special Master agrees that is the import of the Discovery Order and understands that PIP does too. It is unclear whether Moldex also challenges the rulings sustaining PIP's limited objection to the RFPs at issue, but to the extent Moldex does, the Special Master finds no grounds to disturb those rulings.

Accordingly, for the reasons set forth below, the Special Master recommends Moldex's Objections be construed as a motion for review of the Discovery Order pursuant to Local Rule 72-2.1. It is further recommended that the motion for review be GRANTED to the extent it seeks the aforementioned clarification, but DENIED in all other respects. The Special Master also recommends that, to the extent PIP has not produced documents responsive to the RFPs at issue subject to the objection sustained in the Discovery Order, it be ordered to do so within 14 days of the District Judge's order adopting this Report and Recommendation.

## I. BACKGROUND

Moldex filed this action against PIP under federal and state statutes, alleging PIP falsely advertises its foam earplug products through inaccurate and misleading statements about the products' "environmentally friendly" qualities.

In March 2026, Moldex filed a motion to compel PIP's responses to Moldex's first set of RFPs, including RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12, which are those

presently at issue. Dkt. 41. PIP had agreed to produce documents responsive to these RFPs, subject to the limitation asserted in its General Objection No. 3: "PIP objects to Moldex's Requests to the extent they seek documents or information concerning any marketing or advertising statement made by PIP beyond those that Moldex specifically identifies in the Amended Complaint." Dkt. 41 at 6; see *id.* at 6-7, 19-29, 37-40. Moldex sought to compel production unlimited by General Objection No. 3. Thus, the sole issue on the motion to compel with regard to the RFPs at issue was the validity of PIP's General Objection No. 3, which the parties sometimes refer to as the "'Environmental Claims' limitation."[2]

On April 13, 2026, the Magistrate Judge issued the Discovery Order. Because Moldex sought a decision both on the general validity of General Objection No. 3 and on its validity as applied to each RFP at issue (Dkt. 41 at 7), the Magistrate Judge's first ruling stated: "The Motion as to Defendant's General Objection No. 3, denied (as the Magistrate Judge declines to attempt to make a blanket ruling in a vacuum on the propriety of a general objection unmoored from particular discovery requests…." Dkt. 57 at 2. The Magistrate Judge then ruled on Moldex's motion as to each RFP. For the RFPs at issue here, the rulings were identical: "Request for Production No. [ ], denied (as unreasonably overbroad and not proportional to the needs of the case)." Dkt. 57 at 3. On April 27, 2026, Moldex filed its Objections to the Discovery Order. Dkt. 63.[3]

---

[2] PIP's General Objection No. 3 defined the allegedly false statements identified in the Amended Complaint as the "Environmental Claims," Dkt. 41 at 6.

[3] On September 3, 2026, the Court denied without prejudice the relief requested in Moldex's Objections. Dkt. 181. Moldex now renews its Objections. Dkt. 198 at 1.

## II. THE PARTIES' ARGUMENTS

### A. Moldex's Arguments

Moldex "objects to the portion of the [Discovery Order] denying RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12." Dkt. 63 at 1. Moldex argues:

> For each of these requests, the only material dispute at issue in Moldex's motion to compel was PIP's General Objection No. 3…. Moldex's motion challenged PIP's commitment to produce documents subject to that limitation. [¶] The Order did not resolve that issue. Instead, it denied these requests outright (relief PIP was not even seeking), reciting a single conclusory phrase—"unreasonably overbroad and not proportional to the needs of the case"—without specifying that only PIP's General Objection No. 3 limitation at issue (and nothing more) was sustained, without engaging with the language of any request or General Objection No. 3, without analyzing any of the required Rule 26(b)(1) factors, and without weighing Moldex's need for the discovery.

Dkt. 63 at 1. Moldex argues the Discovery Order's lack of "Rule 26(b)(1) analysis" renders it contrary to law. Dkt. 63 at 3; see Dkt. 71 at 2.

Moldex seeks alternative forms of relief: "Moldex requests that the Court make clear that the Order is limited to sustaining PIP's General Objection No. 3 limitation as to RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12, or vacate the Order and remand for analysis required by Rule 26." Dkt. 63 at 2; see *id.* at 8.

\\\

\\\

\\\

\\\

B. PIP's Arguments

PIP first argues Moldex's objections should be stricken because Moldex did not file a motion for review of the Discovery Order under Local Rule 72-2.1. Dkt. 64 at 2.

Second, PIP argues:

> As applied to each of the Requests at issue here, and just as PIP explained to Moldex prior to the filing of Moldex's motion to compel, "PIP commit[s] to producing relevant, non-privileged documents responsive to these Requests and relating to the Environmental Claims that are located after a reasonable search in accordance with agreed-upon custodian and search parameters."…This obviates the need for the relief that Moldex now purports to seek, i.e. that "the Court make clear that the Order is limited to sustaining PIP's General Objection No. 3 limitation as to RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12."

Dkt. 64 at 3.

Third, PIP argues Moldex's objections should be overruled because the Discovery Order is not "contrary to law" or "clearly erroneous." Dkt. 64 at 1.

## III. LEGAL STANDARD

"Under Rule 72 of the Federal Rules of Civil Procedure, a party may serve and file objections to a magistrate judge's order concerning nondispositive pretrial matter 'within 14 days after being served with a copy [of the magistrate judge's order].' Fed. R. Civ. P. 72(a); see Local Rule 72-2.1 ('Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review…within fourteen (14) days of service of a written ruling'). Rule 72 provides that a district judge 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.' Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A) ('A judge of the court may

reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.')." *Chavez v. Villanueva*, 2023 WL 3432247, at *1 (C.D. Cal. Apr. 4, 2023).

"The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring a definite and firm conviction that a mistake has been committed.' *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623, 113 S.Ct. 2264, 2280 (1993) (internal quotation marks omitted); see *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (same). By contrast, the contrary-to-law standard 'permits independent review of purely legal determinations by the magistrate judge.' *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 971 (C.D. Cal. 2010) (internal quotation marks omitted); see *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) ('Section 636(b)(1)…has been interpreted to provide for de novo review by the district court on issues of law')." *Chavez v. Villanueva*, 2023 WL 3432247, at *1.

"Where the magistrate [judge's] decision concerns an evidentiary question of relevance, 'the Court must review the magistrate [judge's] order with an eye toward the broad standard of relevance in the discovery context. Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion.'" *Gravity Defyer Corp. v. Under Armour, Inc.*, 2013 WL 12138988, at *3 (C.D. Cal. Nov. 4, 2013) (quoting *Geophysical Systems Corp. v. Ratheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)). "A judge abuses discretion 'only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision.'" *Gravity Defyer*, at *3 (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

## IV. DISCUSSION

### A. Moldex's Objections Should Be Construed as a Motion for Review

Local Rule 72-2.1 requires objections to a Magistrate Judge's nondispositive ruling under Rule 72(a) to be made by a noticed "motion for review," filed within 14 days of service of a written ruling. L.R. 72-2.1. Moldex did not follow that procedure in all respects here. However, it filed its Objections within the 14 days allowed by Rule 72(a) and Local Rule 72-2.1, PIP has filed a responsive brief, and PIP does not suggest it has suffered any prejudice from Moldex's deviation from the procedure prescribed by the Local Rules. The Special Master therefore recommends the Court construe Moldex's Objections as a motion for review under Local Rule 72-2.1. See *Chavez v. Villanueva*, 2023 WL 3432247, at *1 (C.D. Cal. Apr. 4, 2023) (construing motion for "Rule 72(a)/§ 636 Reconsideration" as a motion for review under Local Rule 72-2.1).

### B. The Discovery Order Sustained PIP's General Objection No. 3 to the RFPs at Issue, but Did Not Relieve PIP of Its Obligation to Otherwise Produce Responsive Documents

Although the Discovery Order rulings on the RFPs at issue were succinct, the Special Master concludes the rulings effectively sustained PIP's General Objection No. 3 to those RFPs, but did not relieve PIP of its obligation to otherwise produce responsive documents. The parties agree PIP's General Objection No. 3 was the only issue for decision regarding those RFPs. PIP had already agreed to produce responsive documents subject to the limitation in that General Objection, and Moldex's motion sought to compel production beyond that limitation. The most reasonable reading of the Discovery Order is therefore that it denied Moldex's motion to compel production beyond the limitation asserted in PIP's General Objection No. 3—in effect, sustaining that Objection with regard to the RFPs at issue—but that it did not relieve PIP of its

obligation (and previously expressed commitment) to produce responsive documents subject to that limitation.

The Special Master understands PIP to agree that this was the import of the Discovery Order's rulings, as in its Response (quoted *supra*) PIP reiterates its commitment to produce the requested documents subject to the limitation in General Objection No. 3.[4] Moldex has not identified any instance of PIP withholding, or threatening to withhold, documents based on a more expansive reading of the rulings.

Accordingly, the Special Master recommends the Court grant Moldex's motion for review to the extent it seeks clarification that Discovery Order sustained PIP's General Objection No. 3 as to RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12, but did not otherwise relieve PIP of its obligation to produce documents responsive to those RFPs.

C. There Are No Other Grounds to Disturb the Discovery Order

As an alternative to the requested relief of clarifying the Discovery Order, Moldex asks the Court to vacate it and remand for further analysis because the Discovery Order's alleged failure to apply the analysis required by Rule 26(b)(1) renders it contrary to law. Dkt. 63 at 3; Dkt. 71 at 2-3. Because the Special Master recommends the Court clarify the Discovery Order as discussed above, the Court need not reach the alternative relief Moldex seeks. Nevertheless, the Special Master does not agree the Discovery Order failed to apply the analysis required by Rule 26(b)(1).

The Discovery Order's recitation of the applicable legal standard begins by quoting and citing Rule 26(b)(1). Dkt. 57 at 1. The Discovery Order then refers back to this statement of the law when ruling on the general validity of PIP's General

---

[4] In the parties' joint stipulation regarding Moldex's motion to compel, PIP further asserted: "Moldex's primary dispute as to General Objection No. 3…is based on the notion that PIP will only produce 'documents that include the **verbatim** statements in Moldex's complaint.'… On the contrary, PIP's response makes clear that it has promised exactly what the Federal Rules require, i.e., a production of documents that **relate** to the allegations in the FAC." Dkt. 41 at 14-15 (emphasis in original).

Objection No. 3. See Dkt. 57 at 2. The Discovery Order again refers clearly, if implicitly, to Rule 26(b)(1) in stating the reasons—"unreasonably overbroad and not proportional to the needs of the case"—for denying Moldex's motion to compel as to each RFP at issue. See, e.g., *Core Health & Fitness, LLC v. Transmedik Specialized Inc.*, 2025 WL 3691958, at *8 (C.D. Cal. Nov. 24, 2025) (denying motion to compel regarding RFPs that were "overbroad and lack proportionality under the Rule 26(b)(1) factors").

The cases cited by Moldex do not suggest that, in ruling on a discovery motion, a Magistrate Judge is required to address in writing all, or any particular, considerations mentioned in Rule 26(b)(1).[5] See *Struzyk v. Prudential Ins. Co. of Am.*, 2003 WL 21302966, at *1 (D. Minn. May 16, 2003) ("While it may be useful in some cases to include detailed reasoning behind a discovery order, a Magistrate Judge's failure to do so does not render the Order clearly erroneous or contrary to law."). The Discovery Order here, while succinct, sufficiently indicates what the Magistrate Judge considered and why he ruled as he did. Accordingly, the Special Master concludes the Discovery Order is not contrary to law.

Finally, although it is unclear whether Moldex challenges the rulings sustaining PIP's General Objection No. 3 as to the RFPs at issue, the Special Master observes those rulings were not an abuse of discretion. See *Geophysical Systems Corp.*, 117

---

[5] Moldex cites *Sedlacek v. Morgan Whitney Trading Grp., Inc.*, 795 F. Supp. 329 (C.D. Cal. 1992) and *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202 (N.D. Cal. 1983). Dkt. 63 at 4. Although in those cases a discovery order was recommitted to the magistrate judge, the reason given was not that the magistrate judge failed to expressly analyze all the considerations mentioned in Rule 26(b)(1). Rather, the reason given was that the magistrate judge did not sufficiently explain the basis of a *privilege* ruling. See *Sedlacek*, 795 F. Supp. at 331–32 (recommitting discovery order because it did not "indicate what [the magistrate judge] considered…or why he rejected" plaintiff's arguments in determining the work product doctrine did not apply); *Adolph Coors Co.*, 570 F. Supp. at 205 (remanding discovery order where it was unclear "whether, or to what extent," the magistrate judge conducted the balancing of interests mandated when a party asserts a First Amendment privilege). As no such privilege ruling is at issue here, these cases do not control.

F.R.D. at 647; Dkt. 41 at 7 (Moldex: "At bottom, PIP's General Objection No. 3 is a relevancy objection."). There is no indication the rulings rested on an erroneous legal conclusion, and the record contains sufficient evidence on which the magistrate judge could rationally have based his decision. See *Premium Serv. Corp.*, 511 F.2d at 229. At a minimum, it was rational to conclude that requests for documents unrelated to the allegedly false marketing statements identified in the operative complaint were overbroad because the requested information lacked sufficient relevance to the claims in the case. See, e.g., *Haghayeghi v. Guess?, Inc.*, 2016 WL 9526465, at *3 (S.D. Cal. Mar. 21, 2016) (discovery request was "overbroad" under Rule 26(b)(1) because it sought "'all documents concerning communications,' regardless of whether they are relevant or not to the case"). Accordingly, the Special Master finds no grounds to disturb the Discovery Order's rulings as clarified.

\\\

\\\

\\\

\\\

\\\

\\\

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Moldex's Objections to the Magistrate Judge's April 13, 2026 Discovery Order be construed as a motion for review of that Discovery Order, that the motion for review be GRANTED to the extent it seeks to clarify that the Discovery Order sustained PIP's General Objection No. 3 as to RFP Nos. 1, 2, 3, 4, 5, 6, 11, and 12, without otherwise relieving PIP of its obligation to produce documents responsive to those RFPs, and that the motion be DENIED in all other respects. It is further recommended that, to the extent PIP has not produced documents responsive to the RFPs at issue subject to the limitation of General Objection No. 3, the Court ORDER PIP to produce documents within 14 days of the date of the Order ADOPTING this Report and Recommendation.

IT IS SO RECOMMENDED.

DATED: 11/11/2026

DocuSigned by:
Hon. Suzanne Segal (Ret.)
2B739185DE71459...

Honorable Suzanne H. Segal (Ret.)
Special Master